IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELINDA D. HERRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:13-1284 |
| ) | Judge Trauger |
| PHILIP BRIAN HERRING, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

The plaintiff has filed a Motion to Remand (Docket No. 6), to which the defendant has responded in opposition (Docket No. 8). The defendant removed proceedings in this pending divorce case from the Davidson County, Tennessee Circuit Court on the ground that his procedural and substantive due process rights under the United States Constitution were being violated. (Docket No. 1 at 3) The Motion to Remand must be granted, as this court lacks subject matter jurisdiction over this case.

The *Rooker-Feldman* doctrine deprives this court of jurisdiction over this case. The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). It holds that, under 28 U.S.C. § 1257, "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). The *Rooker-Feldman* doctrine applies to interlocutory, as well as final, state court

1

decisions. *See Schmitt v. Schmitt*, 324 F.3d 484, 486-87 (7th Cir. 2003); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000); *Doctors Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir.1997). *See also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir.1995) (noting that "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits").

In the Sixth Circuit:

> The federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir.1990)).

Stated differently:

> The appropriate inquiry is not whether the district court would be required to "overrule" in some technical way the state court judgment, but is instead whether the constitutional [or other] claim presented by the plaintiff is so intertwined with the state court proceedings that a federal court review of the claim would necessarily constitute a review of the state court's decision, such that a federal court decision in the plaintiff's favor would call the state court decision into question.

*Pancake v. McCowan*, 64 Fed.Appx. 464, 2003 WL 2007943 at *2 (6th Cir. 2003).

The United States Supreme Court has clarified and reaffirmed the notion that the *Rooker-Feldman* doctrine deprives a district court of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 161 L.Ed.2d 454, 461 (2005).

2

That is exactly what the defendants is asking this court to do. The defendant, in complaining of a deprivation of constitutional rights in the Tennessee state courts, is asking for relief that this court has no jurisdiction to grant.

For the reasons expressed herein, the plaintiff's Motion to Remand (Docket No. 6) is **GRANTED**, and this case is **REMANDED** to the Circuit Court for Davidson County, Tennessee, from which it was improvidently removed. No attorney's fees will be awarded in connection with this ruling.

It is so **ORDERED**.

ENTER this 16th day of January 2014.

 ALETA A. TRAUGER
 U.S. District Judge